UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:11-cr-48-T-33AAS

JUAN ALBERTO ORTIZ-LOPEZ
_____/

**ORDER**

This matter comes before the Court pursuant to Juan Alberto Ortiz-Lopez's Motion for Correction of Sentence (Doc. # 98), filed December 27, 2016. The Government filed a response (Doc. # 108) on January 27, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

Pursuant to a plea agreement, on January 7, 2015, Ortiz-Lopez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 48, 54). Subsequently, on July 8, 2015, judgment was entered and Ortiz-Lopez was sentenced to a 262-month term of imprisonment and sixty-month term of supervised release. (Doc. ## 76-77).

1

On December 27, 2016, Ortiz-Lopez filed the instant Motion, arguing that his original sentence violated the Ex Post Facto Clause of the United States Constitution because the Sentencing Guidelines used at the time of his sentencing resulted in a higher total offense level than the version in effect at the time of the violation. (Doc. # 98); see United States v. De La Mata, 266 F.3d 1275, 1286 (11th Cir. 2001)("The ex post facto clause prohibits the enactment of statutes which: (1) punish as a crime an act previously committed which was innocent when done: (2) make more burdensome the punishment for a crime, after its commission; or (3) deprive one charged with a crime of any defense available according to law at the time when the act was committed." (citation omitted)); U.S.S.G. § 1B1.11(b)(1). Ortiz-Lopez asserts that he is entitled to be resentenced using the 2009 version of the Sentencing Guidelines. (Doc. # 98 at 3).

In 2009, the Sentencing Guidelines did not include § 2D1.1(b)(14)(C), which provides for a two-level increase under § 3B1.1 if "the defendant was directly involved in the importation of a controlled substance." U.S.S.G. § 2D1.1(b)(14)(C). During his sentencing, Ortiz-Lopez objected to the application of the amended Sentencing

2

Guidelines for this reason, but his objection was overruled. (Doc. ## 76-77).

Ortiz-Lopez contends that he should be resentenced because his conviction concerned only two maritime drug interdictions in international waters on November 30, 2007, and July 8, 2009. (Doc. # 98 at 1-2). But the Government points out that the factual basis for Ortiz-Lopez's conviction was not limited to the 2007 and 2009 drug interdictions. (Doc. # 108 at ¶¶ 4-5). Rather, the Government emphasizes that the factual basis in Ortiz-Lopez's plea agreement states, in part: "From approximately 1998 until 2011, the defendant operated as the leader of a Guatemalan-based cocaine transportation organization that sent multi-ton quantities of cocaine from Colombia to Mexico via Guatemala." (Id. at ¶ 5).

In United States v. Aviles, 518 F.3d 1228 (11th Cir. 2008), the Eleventh Circuit wrote that "[a] defendant who is convicted of a conspiracy that began before, but continued after, a Guidelines amendment became effective may be sentenced based on the amendment without triggering any ex post facto concerns." Id. at 1230 (citing United States v. Diaz, 190 F.3d 1247, 1257 (11th Cir. 1999); United States v. Young, 39 F.3d 1561, 1570-71 (11th Cir. 1994); United States

3

v. Nixon, 918 F.2d 895, 906-07 (11th Cir. 1990); United States v. Pippin, 903 F.2d 1478, 1481-82 (11th Cir. 1990)). Because the conspiracy to transport cocaine involved a continuous course of conduct that lasted until 2011, after the effective date of § 2D1.1(b)(14)(C), Ortiz-Lopez's sentencing based upon that amendment does not trigger any ex post facto concerns.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Juan Alberto Ortiz-Lopez's Motion for Correction of Sentence (Doc. # 98) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of January, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4