UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:11-cr-48-T-33AAS

JUAN ALBERTO ORTIZ-LOPEZ
_____/

**ORDER**

This matter comes before the Court pursuant to Juan Alberto Ortiz-Lopez's second Motion for Reconsideration (Doc. # 128), deemed filed on March 14, 2017. For the reasons that follow, the Court denies the Motion.

**Discussion**

On December 27, 2016, Ortiz-Lopez filed a Motion for Correction of Sentence (Doc. # 98), arguing that his original sentence violated the Ex Post Facto Clause of the United States Constitution because the Sentencing Guidelines used at the time of his sentencing resulted in a higher total offense level than the version in effect at the time of the violation. (Doc. # 98). The Court denied the Motion for Correction of Sentence on January 30, 2017. (Doc. # 109).

Ortiz-Lopez appealed the Court's January 30, 2017, order. (Doc. # 120). That appeal is still pending before the

1

Eleventh Circuit. Subsequently, Ortiz-Lopez filed his first Motion for Reconsideration, signed on February 27, 2017, arguing that the Court should reconsider its denial of his Motion for Correction of Sentence. (Doc. # 125).

The Court denied the first Motion for Reconsideration on March 8, 2017, because Ortiz-Lopez's filing of the notice of appeal divested the Court of jurisdiction over the order denying his Motion for Correction of Sentence. (Doc. # 126). The Court explained that "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Reed, 404 F. App'x 464, 465 (11th Cir. 2010)(quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010)(quotation omitted)).

Now, Ortiz-Lopez has filed his second Motion for Reconsideration, insisting that the denial of the first Motion for Reconsideration should be vacated because the Court is incorrect about the divestiture of jurisdiction. Ortiz-Lopez contends that "a motion for reconsideration filed after a notice of appeal, but within the time for filing an appeal,

reinvests a district court with jurisdiction to reconsider its order." (Doc. # 128 at 1).

"Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure," the filing of such a motion within the 14-day period for filing a notice of appeal "tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992)(citing United States v. Dieter, 429 U.S. 6, 8-9 (1976)). "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Ortiz-Lopez argues that Dieter and Vicaria compel this Court to reconsider its order denying his first Motion for Reconsideration. But the situation discussed in Dieter and Vicaria involves the filing of a motion for reconsideration prior to the filing of a notice of appeal, and whether those

3

motions could toll the time to file a notice of appeal. See Dieter, 429 U.S. at 9 (holding that notice of appeal filed one day after the Government's motion for reconsideration was denied, but 34 days after the order being appealed, was timely); Vicaria, 963 F.2d at 1414-15 (finding that notice of appeal filed after denial of the Government's motion for reconsideration was timely). Here, Ortiz-Lopez filed his Notice of Appeal before his first Motion for Reconsideration, and thus the time to file a notice of appeal did not need to be tolled.

And, while other circuits disagree as to whether a motion for reconsideration filed after a notice of appeal reinvests jurisdiction in the district court, the Eleventh Circuit has not spoken directly on the issue. Compare United States v. Greenwood, 974 F.2d 1449, 1467-70 (5th Cir. 1992)(holding that "the cross-appellees' notices of appeal did not divest the district court of the jurisdiction to rule on the Government's motions for reconsideration filed shortly thereafter"), with Adkins v. Jeffreys, 327 F. App'x 537, 539 (6th Cir. 2009)("At the time of the filing of Adkins' Rule 60(b) motion, he already had an appeal pending in this court which deprived the district court of jurisdiction to rule on the motion, as the district court correctly held."); see also

United States v. Christy, 3 F.3d 765, 768 (4th Cir. 1993)(declining to "adopt a *per se* rule that an appeal must be held in abeyance until the district court issues an advisory opinion about what it would do with the case if it had the opportunity").

As the Eleventh Circuit has emphasized "[t]he filing of a notice of appeal normally divests the district court of jurisdiction over matters concerned in the appeal" and has not articulated an exception for later-filed motions for reconsideration, the Court finds that the filing of Ortiz-Lopez's Notice of Appeal did divest it of jurisdiction to reconsider the order being appealed. United States v. Rogers, 788 F.2d 1472, 1475 (11th Cir. 1986) overruled on different grounds United States v. Cerceda, 172 F.3d 806 (11th Cir. 1999)(citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373 (1985)); see also Vicaria, 963 F.2d at 1415 n.2 (explaining that there are "limited exceptions to the general rule" for which "the filing of a notice of appeal does not divest the district court of jurisdiction," but not listing a later-filed motion for reconsideration among them).

Even assuming that a timely filed motion for reconsideration filed after a notice of appeal would reinvest this Court with jurisdiction, Ortiz-Lopez's first Motion for

Reconsideration was untimely. Ortiz-Lopez asserts that his first "motion for reconsideration was timely filed within this Court since it was filed within the period of time allotted for appealing the January 30, 2017 order." (Doc. # 128 at 3). While motions for reconsideration are timely filed within the time to file a notice of appeal, a criminal defendant has only 14 days from the date that an order or judgment is entered to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A); see also United States v. Harper, No. CRIM A 504-CR-17(HL), 2008 WL 4202519, at *2 (M.D. Ga. Sept. 9, 2008)("In a criminal case, to be timely, a motion for reconsideration must be filed by the defendant within [fourteen] days of the entry of either the judgment or the order being appealed." (citing Vicaria, 963 F.2d at 1414)).

Here, the Court entered its order denying Ortiz-Lopez's Motion for Correction of Sentence on January 30, 2017. (Doc. # 109). But, Ortiz-Lopez's first Motion for Reconsideration was deemed filed on February 27, 2017 — 28 days after the order. (Doc. # 125). Accordingly, the first Motion for Reconsideration was untimely. See United States v. Vives, 546 F. App'x 902, 904 (11th Cir. 2013)("Although a timely motion for reconsideration can toll the time to appeal in some circumstances, Vives's motion for reconsideration was deemed

6

filed on December 12, 2012; thus, his motion could not toll the time he had to appeal, because it was not filed within the 14-day period for appealing the district judge's November 6, 2012, order.").

Because denial of Ortiz-Lopez's first Motion for Reconsideration was proper, the Court denies Ortiz-Lopez's second Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Juan Alberto Ortiz-Lopez's second Motion for Reconsideration (Doc. # 128) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of March, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE