UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                      Case No.: 8:11-cr-48-VMC-AAS

JUAN ALBERTO ORTIZ-LOPEZ

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Juan Alberto Ortiz-Lopez's pro se Motion for Compassionate Release (Doc. # 138), filed on June 11, 2021. The United States of America responded on July 12, 2021. (Doc. # 142). For the reasons set forth below, the Motion is denied.

**I.  Background**

Pursuant to a plea agreement, on January 7, 2015, Ortiz-Lopez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 48, 54). Subsequently, on July 8, 2015, Ortiz-Lopez was sentenced to a 262-month term of imprisonment and sixty-month term of supervised release. (Doc. ## 76-77). Ortiz-Lopez is 51 years old and his projected

release date from Giles W. Dalby Correctional Facility is November 6, 2029. (Doc. # 142 at 2).

In the Motion, Ortiz-Lopez seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because of his medical conditions and an alleged disparity between his sentence and that of similarly situated defendants. (Doc. # 138). The United States has responded (Doc. # 142), and the Motion is now ripe for review.

**II. Discussion**

The United States argues that the Motion should be denied because Ortiz-Lopez "presents no 'extraordinary or compelling reasons' that would justify granting the instant motion." (Id. at 4). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). The Court construes Ortiz-Lopez's Motion as arguing that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it

> finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States appears to concede that Ortiz-Lopez exhausted his administrative remedies. (Doc. # 142 at 3-4). Even assuming that Ortiz-Lopez has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children.

USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021)("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Ortiz-Lopez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Ortiz-Lopez has been vaccinated and is housed in a facility with a low infection rate. (Doc. # 142 at 2).

Nor do Ortiz-Lopez's medical conditions, including an enlarged prostate, hyperlipidemia, and obesity, qualify as

4

extraordinary and compelling reasons for release. Ortiz-Lopez is receiving medical treatment for these conditions and they appear well-managed by treatment. (Doc. # 142-2; Doc. # 138 at 48-49). And he has not presented convincing evidence that these conditions limit his ability to provide self-care in prison. See United States v. Barberee, No. 8:09-cr-266-VMC-AEP, 2021 WL 616049, at *2 (M.D. Fla. Feb. 17, 2021)("Barberee's medical conditions, including hypertension, gastrointestinal issues, and hearing problems, do not merit compassionate release because Barberee has not established that these conditions 'substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility.'" (citation omitted)); United States v. Lynn, No. CR 89-0072-WS, 2019 WL 3082202, at *2 (S.D. Ala. July 15, 2019)(finding that defendant with hyperlipidemia and enlarged prostate, among other things, had not established an extraordinary and compelling reason for release), reconsideration denied, No. CR 89-0072-WS, 2019 WL 3805349 (S.D. Ala. Aug. 13, 2019), appeal dismissed, No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019). Nor do these conditions constitute a terminal illness. Thus, Ortiz-Lopez's medical conditions do not warrant release.

Additionally, as sentencing disparities are not listed in USSG § 1B1.13, any alleged disparity in sentencing Ortiz-Lopez raises does not constitute an extraordinary and compelling reason for release. (Doc. # 138 at 2, 33-34); see Bryant, 996 F.3d at 1248.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. Here, as specified in the plea agreement, Ortiz-Lopez served as "the leader of a Guatemalan-based cocaine transportation organization that sent multi-ton quantities of cocaine from Colombia to Mexico via Guatemala" between 1998 until 2011. (Doc. # 48 at 17). Given that his organization transported over forty tons of cocaine over the years (Id.) and he still has eight years of incarceration remaining on his sentence, the Court finds that the need for deterrence weighs against Ortiz-Lopez's release. While the Court appreciates the efforts Ortiz-Lopez has made in prison (Doc. # 138 at 9-11), releasing him at this time would not reflect the seriousness of his crime.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Juan Alberto Ortiz-Lopez's pro se Motion for Compassionate Release (Doc. # 138) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of July, 2021.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE