```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No.: 8:11-cr-48-VMC-AAS

JUAN ALBERTO ORTIZ-LOPEZ

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Juan Alberto Ortiz-Lopez's pro se Motion for Compassionate Release (Doc. # 158), filed on March 22, 2023. The United States of America responded on April 19, 2023. (Doc. # 165). For the reasons set forth below, the Motion is denied.

**I.   Background**

Pursuant to a plea agreement, on January 7, 2015, Mr. Ortiz-Lopez pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). (Doc. ## 48, 54). Subsequently, on July 8, 2015, Mr. Ortiz-Lopez was sentenced to a 262-month term of imprisonment and sixty-month term of supervised

1

release. (Doc. ## 76-77). Mr. Ortiz-Lopez is 52 years old and his projected release date is November 18, 2028.[1]

In the Motion, Mr. Ortiz-Lopez seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because the mother of two of his minor children, Milena Veraly Cordon Fuentes, has passed away leaving the children "without a reliable caregiver." (Doc. # 158 at 2). The United States has responded (Doc. # 165), and the Motion is now ripe for review.

## II. Discussion

The United States argues that the Motion should be denied because Mr. Ortiz-Lopez "fails to demonstrate that his family circumstances are an extraordinary and compelling reason warranting relief" and that the Section 3553(a) factors do not weigh in favor of release. (Doc. # 165 at 5-7). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Ortiz-Lopez argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, the United States correctly notes that there is no evidence that Mr. Ortiz-Lopez appealed the Warden's denial of his request for compassionate release, as he claims to have done. (Doc. # 165 at 2-4; Ex. 2). Even assuming that Mr. Ortiz-Lopez has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Ortiz-Lopez bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

4

In his Motion, Mr. Ortiz-Lopez relies on the extraordinary and compelling reason for release of the "death or incapacitation of the caregiver of the defendant's minor children." (Doc. # 158 at 2). He argues that the mother of two of his minor children, Milena Veraly Cordon Fuentes, has died. (Id.).[2] He acknowledges that the children are living with and being cared for by the children's grandparents, the Cordons. (Id.). Nevertheless, Mr. Ortiz-Lopez claims that the Cordons are "suffering from worsening health conditions and financial hardships," with both grandparents being "medically disabled" and living on "$650.00 in Government benefits per month" in Guatemala. (Id.).

Mr. Ortiz-Lopez has attached a document in Spanish that purports to be the death certificate of Ms. Cordon Fuentes in April 2021 in Zacapa, Guatemala. (Id. at 12-13). Even if this document were sufficient proof of the death of Ms. Cordon Fuentes, Mr. Ortiz-Lopez has not provided sufficient evidence

---

[2] Although Mr. Ortiz-Lopez claimed in his administrative request for compassionate release to the Warden that Ms. Cordon Fuentes was his wife (Doc. # 158 at 9), this is not true. Rather, as the United States notes (Doc. # 165 at 4), Mr. Ortiz-Lopez was still married to Maria Isabel Rizo-Sopon at the time of his sentencing in 2015, though he has fathered a total of 27 children with 17 women. See also (Doc. # 72 at 4, 10-11). Additionally, the purported death certificate for Ms. Cordon Fuentes indicates that she was married to a man named Alan Roberto Lopez Perez. (Doc. # 158 at 12).

to prove the incapacitation of the grandparents who are currently caring for the children. While the grandparents may have health issues and receive disability benefits (Id. at 26), this does not establish that they are incapable of caring for the children, as they have been doing.

Nor has Mr. Ortiz-Lopez shown that there are no other family members, such as other members of Ms. Cordon Fuentes's family or Mr. Ortiz-Lopez's wife or adult children, who are capable of caring for Mr. Ortiz-Lopez's children. Thus, Mr. Ortiz-Lopez has not established that he is the only person who can care for his minor children. See United States of America v. Lawrence Rooks, No. 21-CR-038, 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022) (noting that "a defendant typically must establish that all other potential caregivers for their minor child are incapacitated" and that "it is not enough to show a potential caregiver is merely 'inconvenienced' by the childcare or 'somewhat sick'" — the caregivers must be "completely disabled" to qualify as incapacitated (citations omitted)), aff'd sub nom. United States v. Rooks, No. 22-1332, 2022 WL 2964805 (3d Cir. July 27, 2022). "Defendant may understandably prefer to care for [his] children [himself] but, unfortunately, it is not uncommon that a defendant's children or dependents must be

6

placed in the care of other people as a consequence of the defendant's conviction." United States v. Gonzalez, No. 17-CR-60223, 2021 WL 4066897, at *5 (S.D. Fla. Sept. 7, 2021) (citation and internal quotation marks omitted).

Finally, as the Court previously held in denying Mr. Ortiz-Lopez's earlier motion for compassionate release, "the 18 U.S.C. § 3553(a) factors do not support compassionate release." (Doc. # 143 at 6); see also (Doc. # 155) (affirming denial of Mr. Ortiz-Lopez's motion for compassionate release and finding the determination that the Section 3553(a) factors weighed against early release "was within the court's discretion"). Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court must also determine that Mr. Ortiz-Lopez is not a danger to any other person or the community. U.S.S.G. 1B1.13(2).

Here, as specified in the plea agreement, Mr. Ortiz-Lopez served as "the leader of a Guatemalan-based cocaine transportation organization that sent multi-ton quantities of cocaine from Colombia to Mexico via Guatemala" between 1998 until 2011. (Doc. # 48 at 17). Given that his organization transported over forty tons of cocaine over the years (Id.), and he still has over five years of incarceration remaining

7

on his sentence, the Court finds that the need for deterrence weighs against Ortiz-Lopez's release. The Court also finds that Mr. Ortiz-Lopez poses a danger to the community in light of his long-running drug trafficking organization. Thus, releasing Mr. Ortiz-Lopez at this time would not reflect the seriousness of his crime, nor would doing so protect the public.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Juan Alberto Ortiz-Lopez's pro se Motion for Compassionate Release (Doc. # 158) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of May, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE